IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MIGUEL ALICIA,                          :      CIVIL ACTION
                                        :      NO. 07-03183
                    Petitioner,         :
                                        :      **FILED**
          v.                            :
                                        :      AUG 2 8 2008
JOHN KARESTAS,                          :
                                        :      MICHAEL E. KUNZ, Clerk
                    Respondent.         :      By_____Dep. Clerk

### O R D E R

**AND NOW**, this **27th** day of **August 2008**, upon consideration of the Report and Recommendation of United States Magistrate Judge M. Faith Angell (doc. no. 20), petitioner's objections thereto (doc. no. 23), and respondent's responses to petitioner's objections (doc. no. 24), it is hereby **ORDERED** as follows:

> 1.   The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1]   Petitioner objects to Magistrate Judge Angell's conclusion that his habeas petition is time barred.  Petitioner asserts that equitable tolling should be applied to toll the statute of limitations period applicable to his federal habeas petition.

A brief recount of the procedural history of petitioner's habeas petition is summarized as follows. On April 16, 1999 petitioner was found guilty of involuntary deviate sexual intercourse ("IDSI"), incest, and corrupting the morals of a minor.  On October 6, 1999, petitioner was sentenced to seventeen and a half to thirty-five years incarceration.

The Pennsylvania Superior Court affirmed the judgment of the sentence on May 7, 2001.  The Pennsylvania Supreme Court denied petitioner's petition for allowance of appeal on October

9, 2001. Petitioner filed a timely petition for collateral relief
under the Post Conviction Relief Act ("PCRA") on January 3, 2003.
PCRA dismissed the petition without a hearing on October 29,
2004.  The Pennsylvania Superior Court affirmed the dismissal on
October 5, 2006.  The Pennsylvania Supreme Court denied the
petition for allowance of appeal on March 20, 2007.  Petitioner
filed the instant habeas petition on August 2, 2007.

          In petitioner's habeas petition, he asserts the
following arguments: (1) fundamentally unfair trial in violation
of the Fourteenth Amendment because the trial court permitted
Commonwealth's expert medical witness to testify concerning
statistics on lack of visible injury in a child victim who
claimed sexual abuse; (2) unconstitutionally excessive sentence
because it exceeded the maximum sentence that the legislature
intended; (3) ineffective assistance of counsel; and (4) actual
innocence.  (doc. no. 1).

          Pursuant to the Anti-Terrorism and Effective Death
Penalty Act of 1996, a person in custody as a result of a state
court judgment must file his federal habeas petition within a
one-year statute of limitation.  28 U.S.C. §2241(d)(1).  This
limitation period begins to run from "the date on which the
judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review."  Id. at
§2241(d)(1)(A).  However, this limitation is subject to both
statutory and equitable tolling.

          Because petitioner's conviction became "final" on
January 7, 2002 (ninety days after the Pennsylvania Supreme Court
denied petition for allowance of appeal), petitioner's one year
statutory limitation period required him to file his petition for
federal habeas by January 6, 2003.  However, when petitioner
filed his PCRA petition on January 3, 2003, three days before the
expiration of the statutory period, the period was statutorily
tolled until March 20, 2007, when the Pennsylvania Supreme Court
denied the petition for allowance of appeal.  Statutory tolling
provides that "the time that a properly filed application for
state post-conviction or other collateral relief with respect to
the pertinent judgment or claim is pending shall not be counted
toward any period of limitation." 28 U.S.C. § 2244(d)(2).

          Accordingly, the remaining three days in petitioner's
statutory limitation period to file his federal habeas petition
began to run on March 21, 2007.  As such, the petitioner was
required to file his federal habeas petition by March 24, 2007 to
avoid being time barred.  Petitioner did not file by this date,
but instead filed the petition on August 3, 2007.

Petitioner asserts that his failure to file by March 24, 2007, does not in fact make his petition untimely because the limitation should be equitably tolled.  Equitable tolling is available only when "the principle of equity would make the rigid application of a limitation period unfair."  Merrit v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003) (internal quotations omitted). To qualify for equitable tolling, the petitioner must show: (1) the existence of extraordinary circumstances that prevented him from asserting his rights; and (2) that he exerted reasonable diligence in investigating and bringing his claims.  Id.

In his objections, petitioner provides two justifications which he alleges create extraordinary circumstances for the purpose of equitable tolling: (1) "medical incapacity"; and (2) reliance upon "inmate assistance" (doc. no. 24).

First, petitioner asserts that his "medical incapacity," from March 1, 2007 through August 17, 2007, constituted an extraordinary circumstance to warrant equitable tolling.  In support of this medical incapacity, petitioner alleges a rotator cuff tear, unstable angina pectoris, paroxysmal supraventricular tachycardia, and hypertension.  Although the Court recognizes the existence of these conditions, the Court agrees with Magistrate Judge Angell's opinion that on this record petitioner does not meet the "extraordinary circumstance" threshold required for equitable tolling.

Second, petitioner asserts that his reliance on faulty inmate assistance constituted an extraordinary circumstance to warrant equitable tolling.  Although it is not entirely clear from petitioner's objection, it appears that petitioner is citing ineffective assistance of counsel as an "extraordinary circumstance."  Notably, this objection is the first time that petitioner advanced this factual basis to justify equitable tolling.  Ordinarily, facts in support of claims which are not asserted in the original habeas petition, may not be presented for the first time in a petitioner's objections to the magistrate's report.  See generally, 28 USCS § 636(b)(1)(C). Consequently, because facts supporting ineffective assistance of counsel as a justification for equitable tolling were not raised in the initial petition before Magistrate Judge Angell, this argument is therefore waived.

In any event, even this argument had been raised, it has no merit.  Assuming his faulty "inmate assistance" would equate to assistance of counsel, in non-capital cases, "[a]ttorney error, miscalculation, inadequate research, or other mistakes" do not rise "extraordinary" circumstances required for

3

2.     Petitioner's objections to the Report and

Recommendation are **OVERRULED**;

3.     The Petition for Writ of Habeas Corpus, pursuant to

28 U.S.C. § 2254, (doc. no. 1) is **DENIED** and

**DISMISSED**;

4.     There is no probable cause to issue a Certificate

of Appealability.[2]

---

equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.
2001).  Because petitioner did not provide any substantial detail
to his "inmate assistance," nor provided any insight to the
effect of this advice on his ability to timely file his petition,
petitioner is unable to meet the "extraordinary circumstance"
threshold on this ground.

        Moreover, even assuming petitioner's medical incapacity
or faulty inmate advice did meet the extraordinary circumstance
requirement, petitioner's lack of diligence in filing his PCRA
petition and federal habeas petition indicate his failure to
achieve the "reasonable diligence" necessary to trigger equitable
tolling.  Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005)
(indicating that duty to be reasonably diligent applies to both
filing federal habeas claims and exhausting state remedies).

        In further support of his equitable tolling argument, in
petitioner's objection he asks the Court to consider Cooper v.
Price, 28 Fed. Appx. 125 (3d Cir. 2002).  Petitioner argues that
his case is a substantially similar situation to Cooper where the
Third Circuit remanded the case to the district court because the
district court did not consider the petitioner's equitable tolling
arguments.  In Cooper, the Third Circuit remanded the case because
the district court appeared to have "overlooked" the equitable
tolling arguments.  To the contrary, in this case, both Magistrate
Judge Angell and the Court do not overlook the equitable tolling
arguments, but rather apply the applicable equitable tolling
standard to the facts presented.

[2]  A prisoner seeking a certificate of appealability must
demonstrate "a substantial showing of the denial of a
constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner

AND IT IS SO ORDERED.

_____
EDUARDO C. ROBRENO, J.

---

satisfies this standard by demonstrating that jurists of reason
could disagree with the district court's resolution of his
constitutional claims or that jurists could conclude the issues
presented are adequate to deserve encouragement to proceed
further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).  No
basis for a certificate of appealability exists in this case, as
the petitioner is unable to meet this standard.